IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA



FILED
OCT 2 1 2013
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

| | |
|---|---|
| JPMC SPECIALTY MORTGAGE LLC F/K/A WM SPECIALTY MORTGAGE LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>RAMONA W. MOORE, SPOUSE OF RAMONA W. MOORE, IF MARRIED, JOHN DOE, AS OCCUPANT OF THE PREMISES, JANE DOE, AS OCCUPANT OF THE PREMISES, HOUSING AUTHORITY OF THE ABSENTEE SHAWNEE TRIBE OF INDIANS OF OKLAHOMA, UNITED STATES OF AMERICA, EX REL. UNITED STATES DEPARTMENT OF THE INTERIOR BUREAU OF INDIAN AFFAIRS,<br><br>    Defendants. | No. CIV-13-694-W |

## ORDER

Plaintiff JPMC Specialty Mortgage LLC f/k/a WM Specialty Mortgage LLC ("JPMC"), as holder of a promissory note executed by defendant Ramona W. Moore, filed this action on May 30, 2013, in the District Court for Oklahoma County, Oklahoma. See Doc. 1-1. The note was secured by a mortgage on real property owned by Moore. JPMC sought to collect the balance due on the note, and it prayed that the mortgage be foreclosed. See id.

Also named as a defendant in the state court petition was United States of America ex rel. United States Department of the Interior Bureau of Indian Affairs ("United States"). See id. at 4. The United States holds the property in trust for Moore, a Mexican Kickapoo tribal member.

The United States removed the action on July 8, 2013, see Doc. 1, and the matter now comes before the Court on the United States' Motion to Dismiss filed pursuant to Rule 12(b)(1), F.R.Civ.P. The United States has argued that this Court lacks subject matter jurisdiction because, as JPMC acknowledged in its petition, the United States did not give approval to the mortgage encumbering the trust land as required by title 25, section 483a of the United States Code and title 25, section 152.34 of the Code of Federal Regulations.[1] The United States has further contended that in the absence of such approval, JPMC's mortgage interest is invalid and JPMC cannot foreclose against the real property.

In its response, JPMC has conceded that the property is in fact restricted Indian land, see Doc. 16 at 2, and it has acknowledged that the mortgage was not approved by the United States Secretary of the Interior as required. See id. JPMC has further conceded that in the absence of such approval, the mortgage is not subject to being foreclosed (either in federal or state court) and that dismissal of the foreclosure cause of action is therefore warranted. JPMC has requested that this matter be remanded to state court so that it may proceed on its remaining cause of action based on the promissory note.

Based upon the record, the Court

(1) GRANTS the United States' Motion to Dismiss [Doc. 8] filed on August 13, 2013, and DISMISSES JPMC's foreclosure cause of action for lack of jurisdiction;

---

[1] Land held in trust by the United States for an Indian landowner is subject to restrictions, and prior approval by the Secretary of Interior must be sought before a mortgage can be obtained. E.g., 25 U.S.C. § 483a. JPMC expressly acknowledged in the state court petition that "the necessary approvals for the [m]ortgage to be foreclosed were not obtained." Doc. 1-1 at 4, ¶ 17.

(2) REMANDS to the District Court for Oklahoma County, Oklahoma, JPMC's cause of action seeking collection of those amounts due under the note; and

(3) DIRECTS the Clerk of the Court to mail a certified copy of this Order to the Clerk of the state district court to which this matter is remanded.

ENTERED this 21st day of October, 2013.

/s/ Lee R. West
LEE R. WEST
UNITED STATES DISTRICT JUDGE